UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES R. LIVECCHI,
C.R.L. MANAGEMENT, INC.,

                              Plaintiffs,

                                                                                                  DECISION AND ORDER

                                                                                              06-CV-6393L

                  v.

UNITED STATES OF AMERICA,
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT,

                              Defendants.
_____

## INTRODUCTION

      Plaintiffs Charles R. Livecchi ("Livecchi") and C.R.L. Management ("CRL") bring this action alleging that defendants the United States of America and the Department of Housing and Urban Development ("HUD") negligently disposed of certain funds placed by Livecchi in a reserve for replacement ("RFR") account, in violation of the Federal Tort Claims Act, 28 U.S.C. §2671 et seq.

      Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6), on the grounds that Livecchi's claims are insufficiently stated, barred by res judicata, and untimely. For the reasons set forth below, defendants' motion to dismiss is granted, and the Complaint is dismissed.

**FACTS**

Familiarity with the salient facts and legal issues, presented before this Court now in their third iteration, is presumed.  Plaintiff Livecchi previously owned certain real property (the "Project"), managed by plaintiff CRL and subject to a mortgage insured by HUD.  HUD's insurance of the mortgage was governed by a Regulatory Agreement between the parties.  The mortgage and property were foreclosed upon on November 12, 1998, and on December 16, 1998, the deed was transferred to a new owner.

In 2002, Livecchi commenced an action against HUD and other parties, *Livecchi v. U.S. Dept. of Housing and Urban Development et al*., 02-CV-6570 ("*Livecchi I*") seeking damages from HUD arising out of the foreclosure.  Among other things, Livecchi alleged that the Regulatory Agreement had required him to maintain the RFR account and to provide audited financial statements to HUD, and that disputes with HUD over withdrawals of RFR funds and non-cash basis accounting statements had resulted in a failed attempt by Livecchi to refinance the HUD insured mortgage and sell the property to terminate HUD's interest.  Livecchi asserted that HUD had wrongfully failed to enter into a workout agreement to reinstate the defaulted mortgage; and had breached the mortgage and various statutory requirements, by refusing to provide Livecchi with a pay-off amount for the mortgage, to use the RFR funds to reinstate the mortgage or to otherwise make it current prior to the foreclosure sale.  By order dated November 4, 2004, this Court dismissed *Livecchi I,* with prejudice, for failure to prosecute.  That order was affirmed by the Second Circuit on October 27, 2005.  *See Livecchi I*, 2005 U.S. App. LEXIS 23366 (2005).

During the pendency of *Livecchi I*, the United States commenced an action against Livecchi and CRL entitled *United States v. Livecchi et al.*, 03-CV-6451 ("*Livecchi II*") which sought to recover assets and income skimmed by plaintiffs in violation of the Regulatory Agreement and federal law.  Livecchi and CRL answered and asserted counterclaims markedly similar to their claims in *Livecchi I*.  Specifically, Livecchi and CRL alleged: (1) violations of the Administrative Procedure Act ("APA"), based on HUD's alleged misconduct in administering the mortgage and the Regulatory Agreement; (2) deprivation of property, abuse of power, gross negligence and/or deliberate indifference to Livecchi's rights under the Fifth Amendment to the United States Constitution; and (3) negligence in administering the RFR and failure to pursue a workout or sell the Project to Livecchi, pursuant to the FTCA.

The Court (Magistrate Judge Payson, acting by consent pursuant to 28 U.S.C. § 636[c]) ultimately held that Livecchi and CRL had skimmed $481,438 of Project income in violation of federal law, and the Regulatory Agreement.  In a September 30, 2005 Decision and Order, the Court further dismissed plaintiffs' APA and constitutional counterclaims as barred by the Tucker Act and the doctrine of sovereign immunity, respectively, and dismissed the FTCA claim as time-barred.  Livecchi was permitted to add a counterclaim for recoupment.  A bench trial was held in September 2006 before Magistrate Judge Payson concerning recoupment and the damages issues remaining in that case, and *Livecchi II* remains pending.

On August 4, 2006, plaintiffs initiated this action against the United States and HUD, making factual allegations and claims nearly identical to those made in *Livecchi I*, except for the addition of an FTCA negligence claim based in part on a letter dated January 4, 2006 from the

government's counsel to Livecchi (the "Trusiak letter") which reiterated that the RFR account had been liquidated prior to foreclosure in order to reduce indebtedness on the mortgage.

## DISCUSSION

In considering a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1), the Court may consider the pleadings, as well as other evidence, such as affidavits, to determine any disputed jurisdictional issues of fact. *See Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992).

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the Complaint, as well as those documents attached to the Complaint or incorporated therein by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). While the Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant," *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. *See Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007).

With respect to the sufficiency of a complaint, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S. Ct. 1955 at 1964-1965 (2007) (citations omitted). *See also Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Twombly* standard). Thus, where a plaintiff "ha[s] not

nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 127 S. Ct. at 1974. Here, plaintiffs' claims must be dismissed for several reasons.

Initially, "[u]nder the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002). As such, "a judgment on the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respect matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end." *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992). In determining whether a party's claims were or could have been previously raised, "[i]t is [the] identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff chooses] to frame her complaint," which informs the Court's analysis. *Id.*, 972 F.2d 36 at 39.

This Court's dismissal with prejudice of *Livecchi I* for failure to prosecute constitutes, for res judicata purposes, a final judgment on the merits of plaintiffs' claims arising out of the mortgage foreclosure. *See* Fed. R. Civ. Proc. 41(b) (unless the court provides otherwise, dismissal for failure to prosecute constitutes judgment on the merits); *Gaind v. Pierot*, 2008 U.S. App. LEXIS 14660 at *3-*4 (2d Cir. 2008)(same); *Saylor v. Lindsley*, 391 F.2d 985, 968 (2d Cir. 1968) (same). In fact, plaintiffs admit that all of their claims, except for the FTCA claim relating to HUD's disposition of the RFR funds as described in the "Trusiak letter," arise out of the

subject events of *Livecchi I*, and are in many respects parallel to their claims in that case, and are, therefore, barred by res judicata.

Plaintiff pins his present claims on the so-called Trusiak letter and asserts that he was unaware of the facts relating to disposition of the recoupment account until receipt of that letter. This assertion, though, is belied by Livecchi's own admissions in the prior litigation. In an affidavit submitted to the Court in *Livecchi II*, Livecchi admitted that he was informed by HUD, in writing, as early as 1998 -- a decade ago -- that the RFR funds had been applied to the mortgage indebtedness. In light of these facts, plaintiff's present claim is ludicrous. *See Livecchi II*, 03-CV-6451, Dkt. #30, Att. 5 ¶30 and Att. 17 at 2. Because all of plaintiffs' instant claims were, or could have been, raised in *Livecchi I*, which was adjudicated finally and on the merits for purposes of res judicata, they are barred.

Furthermore, even if plaintiffs' FTCA claim were not barred by res judicata, it must be dismissed as untimely. It is undisputed that the statute of limitations applicable to FTCA claims has long since passed – a fact which plaintiffs expressly conceded in *Livecchi II* – and I find that plaintiff has made no showing of "rare an exceptional circumstances" to justify equitable tolling. *Pawel Czernicki v. United States*, 137 Fed. Appx. 409 (2d Cir. 2005).

Finally, plaintiffs have failed to state a claim for negligence in any event under the FTCA, because they have failed to identify any duty owed to them by defendants with respect to the Regulatory Agreement in general or the disposition of the RFR funds in particular.

Haunted by a nagging sense of *deja vou* as I bid farewell to plaintiff's claims relating to the mortgage foreclosure for the second time, the Court is compelled to offer a word of warning.

In her decision dismissing plaintiffs' *Livecchi II* counterclaims, Magistrate Judge Payson expressed her hope that *Livecchi II* might prove to be the "final . . . addition to the ever-expanding body of litigation arising from the defendants' ownership and management of [the Project]." *Livecchi II*, 03-CV-6451, Dkt. #40 at 1 (emphasis added).  Regrettably, her confidence in plaintiffs' ability to perceive the logical end of the dispute proved premature.  Rather than make a tasteful retreat, plaintiffs commenced a new lawsuit, which they have attempted to justify to this Court using arguments that deserve short shrift.  Since mere, serial dismissal is evidently insufficient to dissuade plaintiffs from the repetitive reassertion of their claims, I caution plaintiffs that any further attempts to do so may invite additional consequences.  *See* Fed. R. Civ. Proc. 11(b).

## CONCLUSION

For the foregoing reasons, I find that plaintiffs have failed to state a claim upon which relief can be granted.  Accordingly, defendants' motion to dismiss the Complaint (Dkt. #5) is granted, and the Complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 3, 2008.